UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/19/2023
```

BRYAN VELAZQUEZ, on behalf of himself
and all others similarly situated,

      Plaintiff,

-against-

HOME CONTROLS, INC.,

      Defendant.

1:22-cv-3921 (MKV)

**OPINION AND ORDER
GRANTING MOTION
FOR JUDGMENT
ON THE PLEADINGS**

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff Bryan Velazquez brought this putative class action against Defendant Home Controls, Inc., alleging that Defendant has failed to make its website, which sells various home automation products, fully accessible to blind and visually impaired people in violation of the Americans with Disabilities Act ("ADA") and New York City Human Rights Law ("NYCHRL"). Defendant now moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings on the grounds that the Court lacks subject matter jurisdiction over this action. For the following reasons, that motion is GRANTED.

### **BACKGROUND**[1]

  Defendant Home Controls, Inc. is a California-based company that sells various home automation products on its website, www.homecontrols.com (the "Website"). AC ¶¶ 21, 28. Plaintiff Bryan Velazquez is a legally blind person from New York who visited Defendant's Website "[o]n two separate occasions . . . to browse the Website and determine whether [he] wished to make a purchase." AC ¶¶ 11, 24. In particular, Plaintiff is "interested in home security

---

[1] The Opinion draws its facts from the Amended Complaint [ECF No. 12] ("AC"), the well-pleaded facts of which are taken as true for purposes of this motion. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56-57 (2d Cir. 2016).

items and home automation devices," AC ¶ 28, such as "home automation sensors and other products that would improve ease of use and convenience." AC ¶ 30. Plaintiff first browsed the Website on April 4, 2022, and then again on April 15, 2022. AC ¶ 24.

But Plaintiff hit a roadblock. The Website contained access barriers which prevented him from successfully navigating the site using screen-reading software—that is, software which works to vocalize visual information on a computer screen. AC ¶¶ 16, 23, 25. In particular, the technical limitations prevented Plaintiff from being able to easily navigate through various pages of the Website, and also prevented Plaintiff from learning about discounts on shipping. AC ¶ 25. As a result, Plaintiff was unable to use and enjoy the Website the same way as a sighted person might. AC ¶ 26. If the Website is made accessible, however, "Plaintiff intends to visit the Website in the near future." AC ¶ 27.

## PROCEDURAL HISTORY

Plaintiff filed this action alleging that Defendant had violated the ADA and NYCHRL. [ECF No. 1] ("Compl."). Plaintiff sought an injunction requiring Defendant to bring its website into compliance with the ADA and NYCHRL, a declaration that Defendant is operating its website in a way that discriminates against the blind and violates the applicable federal and city laws, compensatory damages, pre- and post-judgment interest, and fees and costs. Compl., Prayer for Relief. Plaintiff purports to sue on behalf of a nationwide class and a New York City subclass of all other legally blind individuals who have attempted to access the Website. *Id.*

Defendant filed a pre-motion letter for a conference in advance of its anticipated motion to dismiss. [ECF No. 8] ("Pre-Motion Ltr."). In that letter, Defendant argued, among other things, that Plaintiff's cookie-cutter complaint fails to establish that Plaintiff has either been injured, or suffers an imminent threat of injury, as a result of any access barriers on Defendant's Website. Pre-Motion Ltr. at 1. After Plaintiff opposed that letter motion [ECF No. 9], the Court issued a

scheduling order which provided Plaintiff the opportunity to amend his complaint by a certain date, and which warned Plaintiff that "[t]his will be [his] last opportunity to amend the complaint in response to arguments raised in the parties' letters." ECF. No. 10.  Plaintiff thereafter filed an amended complaint [ECF No. 12], which added the two specific dates on which Plaintiff had visited the Website, the products that Plaintiff was allegedly interested in buying, and the specific difficulties that Plaintiff experienced in attempting to navigate the Website.  AC ¶¶ 21, 25, 27.

Defendant moved for judgment on the pleadings on the grounds that the Court's lacks subject matter jurisdiction over the action, arguing that the amended complaint did not remedy the problems identified in its pre-motion letter.  [ECF No. 28] ("Def. Br.").  Plaintiff opposed the motion.  [ECF No. 32] ("Pl. Opp.").

## LEGAL STANDARD

While subject matter jurisdiction is generally challenged through a Rule 12(b)(1) motion to dismiss, it may also be challenged on a Rule 12(c) motion for judgment on the pleadings.  *See U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 448-49 (S.D.N.Y. 2001).  The mechanism for waging such a challenge is immaterial, however, as "[a] Rule 12(c) motion for judgment on the pleadings based upon a lack of subject matter jurisdiction is treated as a Rule 12(b)(1) motion to dismiss the complaint." *Id.*

Rule 12(b)(1) requires that a claim be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists." *Lunney v. United States*, 319, F.3d 550, 554 (2d Cir. 2003).  "When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true but does not

presume the truthfulness of the complaint's jurisdictional allegations." *Sanchez v. NutCo, Inc.*, No. 20-cv-10107, 2022 WL 846896, at *2 (S.D.N.Y. Mar. 22, 2022).

## DISCUSSION

### I. The ADA Claim

Defendant moves for judgment on the pleadings in this action on the ground that Plaintiff does not have Article III standing.[2] To have standing, Plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Where, as here, the plaintiff seeks injunctive relief, he "must also prove that the identified injury in fact presents a 'real and immediate threat of future injury' often termed 'a likelihood of future harm.'" *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (quoting *Shain v. Ellison*, 356 F.3d 211, 215-16 (2d Cir. 2004)).

Defendant argues that Plaintiff has failed to establish an injury in fact. In the ADA context, the Second Circuit has "previously found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013). When it comes to websites, "the third requirement [for standing] can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of

---

[2] Defendant further argues that because it maintains no physical stores, and only operates a website, it is not a place of public accommodation to which the ADA applies and, as a result, Plaintiff's complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Because the Court finds as a threshold matter that Plaintiff lacks standing, it need not address the public accommodation issue. *See Disability Advocs., Inc. v. New York Coal. for Quality Assisted Living, Inc.*, 675 F.3d 149, 156 (2d Cir. 2012). The Court notes, however, that "the vast majority of district courts within the Second Circuit [have held] that websites are places of public accommodation." *Young v. Metro. Learning Inst., Inc.*, No. 22-cv-1722, 2023 WL 1928001, at *4 (S.D.N.Y. Feb. 10, 2023) (collecting cases).

visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt v. Dungarees*, Inc., No. 22-cv-4699, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023).

Plaintiff has failed to plausibly allege an interest in the available products or that he plans to return to the Website. Plaintiff alleges in his amended complaint that he visited the Website only twice, eleven days apart, to peruse (and potentially purchase) home security items and home automation devices. AC ¶¶ 24, 27, 29. Plaintiff commenced this suit roughly a month after those alleged visits, on May 13, 2022. [ECF No. 1]. That same day, Plaintiff commenced a separate action by filing a complaint identical to the one filed in this case, save for the caption, defendant name, and website name. *See Velazquez v. Magicjack, LP*, 22-cv-3922 (S.D.N.Y. May 13, 2022). These lawsuits appear to have been the first two that Plaintiff filed in this District, though he (with the same counsel) would file over one hundred identical lawsuits in the months that followed.[3] *See* NYSD ECF, https://nysd-ecf.sso.dcn/cgi-bin/iquery.pl (search for "Bryan Velazquez") (last visited July 19, 2023).

The complaints filed all follow a familiar pattern. They allege in boilerplate fashion that the Plaintiff visited a website, that the website is not ADA compliant, and (always in paragraph 30) that the Plaintiff "intends to visit the Website in the near future." Compl. ¶ 30; *see also Zinnamon v. Satya Jewelry II, LLC*, No. 23-cv-781, 2023 WL 3511123, at *3 (S.D.N.Y. Apr. 28, 2023) (collecting cases). The frequency of these filings and the "cut and paste" nature of the

---

[3] At the risk of being obvious, the other lawsuits filed by Plaintiff are not mentioned in his Amended Complaint. However, the Court is entitled to take judicial notice of "the fact of other litigation in this District." *Loadholt v. Dungarees, Inc.*, No. 22-cv-4699, 2023 WL 2024792, at *1 (S.D.N.Y. Feb. 15, 2023). Indeed, this Court is not the first to take note of Plaintiff's numerous filings, as another judge in this District recently observed that Plaintiff's complaint in that action was "identical to six other complaints that Plaintiff filed the same day," and that it "likely fail[s] adequately to allege standing." *Velazquez v. Everlast Worldwide, Inc.*, No. 22-cv-9211, 2022 WL 16745767, at *1 (S.D.N.Y. Nov. 7, 2022).

conclusory allegations are disturbing. *See Grannon v. 31 Essex St. LLC*, No. 22-cv-1134, 2023 WL 199287, at *4 (S.D.N.Y. Jan. 17, 2023) ("[C]ookie-cutter complaints provide evidence of an insufficiently pled complaint."). The Second Circuit has made clear that "conclusory, boilerplate allegations" that a plaintiff has been injured in the ADA context "fail to establish standing." *Calcano v. Swarovski N. America Ltd.*, 36 F.4th 68, 71 (2d Cir. 2022). And yet Plaintiff (and his counsel) have taken no measure to heed this guidance.[4]

This pattern cannot be ignored. While the Plaintiff plausibly might have visited one hundred defective websites over the course of several months, the likelihood that he plans to return to each one (and thus has standing in each case filed) is seemingly low. As a result, the Court reviews Plaintiff's complaint with a degree skepticism that should naturally accompany serial litigants, to ensure that the complaint sufficiently alleges injuries endured or imminently threatened. *See Calcano*, 36 F.4th at 77 (noting that the Court "cannot ignore the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings"). Plaintiff's complaint cannot survive such scrutiny.

Plaintiff alleged that he first visited the Website to "browse" the available items and "determine whether [he] wished to make a purchase." AC ¶ 24. Notably, however, Plaintiff does not allege how he learned of the Website, whether there were any other websites that sold similar goods, or why he will "unequivocally return to [the Website] as soon as the accessibility barriers are cured." *Tavarez-Vargas v. Annie's Publ'g, LLC*, No. 21-cv-9862, 2023 WL 2499966, at *3 (S.D.N.Y. Mar. 14, 2023). Without more, Plaintiff's vague and boilerplate allegations fail to

---

[4] This conduct by counsel has not gone unnoticed. Another judge in this District recently imposed sanctions on counsel for the flood of formulaic filings, finding that the complaints "patently fail[] adequately to allege standing." *Zinnamon v. Satya Jewelry II, LLC*, No. 23-cv-781, 2023 WL 3511123, at *1 (S.D.N.Y. Apr. 28, 2023) (ordering counsel to pay a sanction of $1,000.00 "for filing a complaint that unquestionably failed to allege standing adequately").

"nudge [his] claims across the line from conceivable to plausible," *Calcano*, 36 F.4th at 76 (internal quotation marks omitted), and have not shown that he has suffered an injury that is "concrete and particularized," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Accordingly, Plaintiff's ADA claim is dismissed for lack of standing.

## II.    The NYCHRL Claim

Plaintiff's NYCHRL claim is governed by the same standing requirements as his ADA claim. *See Mendez v. Apple Inc.*, No. 18-cv-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019). Since the Court has found that Plaintiff lacks standing under the ADA, Plaintiff's parallel city law claim must be dismissed on the same grounds.[5]

## III.    Leave to Amend

Courts generally grant a plaintiff leave to file an amended complaint when the complaint is dismissed for lack of standing. *See Dominguez v. Grant Lux Cafe LLC*, No. 19-cv-10345, 2020 WL 3440788, at *4 (S.D.N.Y. June 22, 2020). This practice follows from the instruction that Courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2). In this case, however, Plaintiff has already been given the opportunity to amend his complaint in response to the standing argument that Defendant raised in its pre-motion letter. Moreover, Plaintiff did not request in his briefing the opportunity to amend his complaint further, nor did he identify "any proposed amendment that would cure [his] pleading and confer standing."

---

[5] Plaintiff's Third Cause of Action, for declaratory relief, must also be dismissed because "[a] request for relief in the form of a declaratory judgment does not constitute an independent cause of action." *Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 474 (S.D.N.Y. 2021).

*Dominguez*, No. 19-cv-10345, 2020 WL 3440788, at *4.  Accordingly, Plaintiff is not permitted to replead the dismissed claims.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings is GRANTED with prejudice.  The Clerk of Court respectfully is requested to close this case and all pending motions.

**SO ORDERED.**

Date:  July 19, 2023
       New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**